UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2015
David J. Bradley, Clerk

| | |
|---|---|
| Schlumberger Technology Corp., et al., | § |
| Plaintiffs, | § |
| versus | §    Civil Action H-12-3573 |
| Baker Hughes, Inc., | § |
| Defendant. | § |

# Opinion on Arbitration

1. *Background.*

   In 2009, Schlumberger Technology Corp. and Baker Hughes, Inc., agreed to arbitrate patent disputes – among other things. Having recognized that they frequently sue each other for infringement, they decided to waive remedies available at law, like the right to appeal, in exchange for what they hoped would be a faster resolution of their disputes.

   Baker Hughes says that this agreement has worked. Since 2009, they have settled 16 of 18 disputes. Only three have required arbitration and two of those arbitrated were settled before a final hearing.

   Schlumberger brought this lawsuit because it says that the agreement is irreparably broken. It pleaded that Baker Hughes has repeatedly breached their agreement by creating satellite arbitration, persisting with meretricious defenses, delaying resolution with onerous discovery, and by refusing to acknowledge its notice of a dispute.

   In addition to breach of contract, Schlumberger pleaded that Baker Hughes fraudulently induced it to sign the arbitration agreement. It says that Baker Hughes never intended to expeditiously resolve patent disputes. Schlumberger wants the court to rescind the contracts and resolve its claims for patent infringement.

2.  *Arbitration.*

Baker Hughes and Schlumberger must arbitrate the claims for breach of contract, fraud, and infringement of United States Patents 5,515,038 and 6,152,220.

   A.   *Breach.*

The patent dispute-resolution agreement says that "disputes" must be arbitrated. Disputes are not limited to patent-infringement claims; they include those about "interpretation, construction, and alleged breach" of contract.

Because the contract explicitly says that this claim must be arbitrated, Schlumberger cannot sue in federal court. Only the arbitration panel can decide foundational questions about its jurisdiction like whether the contract should be rescinded.

Schlumberger says that another paragraph of its contract says that only the non-breaching party may compel arbitration. According to it, Baker Hughes is the breaching party. Both parties have arguably breached the contract. Either may compel arbitration. This paragraph does not change the agreement's broad definition of dispute. Foundational questions about the agreement must be resolved by the arbitrator.

Interpreting arbitration agreements to allow judicial supervision would eviscerate the perceived benefit of arbitration – speed. Parties agree to arbitrate because they are willing to forego some of their rights at law in exchange for what they hope will be a quick result. Misbehavior during arbitration must be policed by the arbitrator.

   B.   *Fraud.*

Schlumberger says that Baker Hughes defrauded it by tricking it into signing an agreement to resolve cases quickly that it never intended to follow. Putting aside the total lack of evidence to support this claim, a statement of intent or anticipation cannot be fraudulent inducement because it is not a substantial misrepresentation of an existent fact.[1]

The court will not, however, resolve Schlumberger's fraud claim. Like the claim for breach of contract, it must be arbitrated. What the parties intended to do with their agreement is a question that involves interpretation and construction of the agreement. In their contract, the parties have charged the arbitrator with that responsibility.

---

[1] Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 163 (Tex. 1995).

Unlike cases where the accusation of fraud directly implicates the arbitration clause in a contract, Schlumberger concedes that it knew that it was signing an agreement to arbitrate. It merely says that Baker Hughes never intended to comply with that agreement. In the unlikely event that is true, it still does not change the obdurate reality that Schlumberger agreed to arbitrate.

If a party to an arbitration can run to federal court with imprecise cries of fraud, the speed and affordability of arbitration will be lost. Lawyers are all too fond of cloaking what is, in reality, a claim for breach of contract as fraud.

C. *Infringement.*

Schlumberger concedes that its claim for infringement of the '038 patent would have been included in the agreement to arbitrate. The agreement excludes from arbitration, however, tools that clean or remediate wells. It says this excludes its claim about the '220 patent.

Whether a particular claim for infringement concerns technology that the parties agreed to resolve through arbitration is a foundational question for the arbitration panel. As another court has already concluded, this agreement leaves questions of arbitrability to the arbitrator.[2]

3. *Dismissal.*

The parties agree that Schlumberger's claims that Baker Hughes infringed its 6,732,817 and 7,314,099 patents are not arbitrable. Baker Hughes has moved to dismiss that claim because the petition does not describe the technology or infringement with precision. Its motion will be denied without prejudice. Schlumberger may promptly amend its complaint.

---

[2] Schlumberger Technology Corp. v. Baker Hughes Inc., 355 S.W.3d 791, 802 (Tex. App. Houston [1st Dist.] 2011).

4. *Conclusion.*

Arbitration – like resolution by the judiciary – is not always speedy. Sometimes parties misbehave and delay the process – other times it is the decider. Under the agreement that Schlumberger signed, the arbitration panel must police these matters. The parties are obliged to arbitrate the claims for breach of contract, fraud, and infringement of the '038 and '020 patents.

Signed on December 9, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge